UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JAMES R CORMELL,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br>TRANS UNION, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>and EQUIFAX, INC.,<br><br>Defendants. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, JAMES R CORMELL ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants CAPITAL ONE BANK, N.A. ("CAPITAL ONE" or "Defendant"), and TRANS UNION, LLC ("TRANS UNION" or "Defendant"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"), and EQUIFAX, INC. ("EQUIFAX" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

/ / /

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Carroll County, in the City of Villa Rica, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANS UNION is a corporation conducting business in the State of Georgia and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. Defendant EXPERIAN is a corporation conducting business in the State of Georgia and is headquartered in Costa Mesa, California.

10. Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

11. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

13. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant EQUIFAX is a company conducting business in the State of Georgia and is headquartered in Atlanta, Georgia.

15. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

16. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

17. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

18. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

19. Defendant CAPITAL ONE is a nationally chartered bank doing business in the State of Georgia and is headquartered in Mclean, Virginia.

20. Defendant CAPITAL ONE is a "person," as defined by 47 U.S.C. §153 (39).

21. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

22. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

23. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of the property that is the subject of the action is situated within this District.

**Facts**

24. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, EQUIFAX, EXPERIAN, and CAPITAL ONE regarding a credit account that he had with CAPITAL ONE. This account was settled by the law firm Aldridge Pite Haan, LLP, on behalf of CAPITAL ONE, and was paid to Aldridge Pite Haan, LLP.

25. CRAs, including TRANS UNION and EQUIFAX and EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

26. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

27. Further, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

28. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with CAPITAL ONE, an inaccuracy found in all three of the credit reports published by the three CRA Defendants. The following is a description of the inaccuracies and failures of all Defendants to investigate and update their reporting of the account in question:

29. On or about January 26, 2021, Plaintiff and Aldridge Pite Haan, LLP, acting on behalf of CAPITAL ONE, settled the CAPITAL ONE account ending in 8850 (the "Account") for $2,900.00.

30. Per the terms of the settlement agreement, Plaintiff made four (4) payments of $725.00 pursuant to the settlement pay plan, which, once paid, satisfied the Account.

31. On October 3, 2022, Plaintiff received copies of his credit report from all three CRA Defendants.

32. To his surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant CAPITAL ONE reported incorrect information regarding the Account to the CRAs to which all three CRA Defendants furnished in their reports.

33. TRANS UNION reported the Account status as ">Charge-off< with a past-due, outstanding balance of $2,747.00. TRANS UNION reported an incorrect Account rating of "C/O" ("C/O" meaning "Charged off by account provider," according to TRANS UNION) until September 2022, even though the Account was paid and settled several months prior.

34. EXPERIAN reported the Account status as "Account charged off. $4,197 written off. $2,747 past due as of Sep 2022" with a past-due, outstanding balance of $2,747.00. EXPERIAN also reported an incorrect Account rating of "CO" ("CO" meaning "Charge off," according to EXPERIAN) until September 2022.

35. EQUIFAX reported the Account status as "CHARGE_OFF" with a past-due, outstanding balance of $2,747.00. EQUIFAX reported an incorrect Account rating of "CO" ("CO" meaning "Charge-Off," according to EQUIFAX) until August 2022.

36. Additionally, the three CRA Defendants failed to accurately report the payment history of the Account.

37. The CRA Defendants' failure to report the Account correctly, including its failure to report an accurate status, an accurate balance, an accurate rating, and an accurate payment history on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

38. On October 4, 2022, Plaintiff issued disputes by mail to all three CRA Defendants regarding the incorrect information being reported on the Account.

39. In his dispute letters, Plaintiff disputed the numerous incorrect entries in his credit report. Plaintiff also included proof of the settlement agreement and proof of the payments made in satisfaction of the agreement.

40. Upon information and belief, pursuant to their obligations under the FCRA, all three CRA Defendants notified CAPITAL ONE of Plaintiff's disputes within five days of receipt of the disputes.

41. Further, upon information and belief, all three CRA Defendants would have sent the documentation Plaintiff included in his dispute letters to CAPITAL ONE, including the terms of the settlement and proof of the payments.

42. Despite his very specific disputes and accompanying documents supporting his disputes, the second set of credit reports from all three CRA Defendants, received by Plaintiff on October 22, 2022, and November 29, 2022, reiterated similar inaccuracies. The TRANS UNION and EXPERIAN credit reports continued to report an outstanding balance of $2,747.00 with no change in the Account status, Account rating, or Account payment history. The EQUIFAX credit report continued to report an outstanding balance of $2,747.00, with the "CO" Account rating now appearing until October 2022. Additionally, the EQUIFAX report made no changes to the Account status or payment history.

43. At the time of filing this complaint, all three CRA Defendants continue to report the Account as having a balance owed, report an inaccurate status of the Account, and fail to report the accurate payment history.

44. Upon information and belief, all three CRA Defendants continue to report this information because of (1) CAPITAL ONE's furnishing of incorrect information regarding the Account to the three CRA Defendants and (2) all three CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

45. Additionally, upon information and belief, CAPITAL ONE failed to conduct a reasonable investigation into the information it furnished to the CRA Defendants.

46. If CAPITAL ONE had complied with its duties to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

47. Further, CAPITAL ONE continues to furnish information regarding the Account that it knows or should know is inaccurate.

48. Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, TRANS UNION and EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintain concerning Plaintiff. 15 U.S.C. § 1681e(b).

49. If TRANS UNION and EQUIFAX and EXPERIAN had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

50. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

51. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

52. Because of his concern over the effects Defendants' misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

53. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

54. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

56. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

59. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

60. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

61. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

62. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

67. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

68. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

70. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

74. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

75. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

76. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

77. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

81. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

82. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

83. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

84. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

86. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

88. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

89. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

90. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

91. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

92. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

93. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

94. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII– CAPITAL ONE
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

95. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

96. After receiving Plaintiff's disputes, CAPITAL ONE failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

97. CAPITAL ONE violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of CAPITAL ONE's representations to the CRAs.

98. As a result of this conduct, action, and inaction of CAPITAL ONE, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

99. CAPITAL ONE's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

100. In the alternative, CAPITAL ONE was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

101. Plaintiff is entitled to recover costs and attorneys' fees from CAPITAL ONE, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 10/10/2024                                   Respectfully submitted,

                                                    */s/ Mark Carey*
                                                    Mark Carey GAB:109360
                                                    Law Offices of Mark Carey

                                                131 N. Park Avenue
                                                Buffalo, NY 14216
                                                E: markcareylaw@ymail.com
                                                P: (716) 853-9243
                                                **Attorneys for Plaintiff,**
                                                **JAMES R CORMELL**